**FOSS & CO., Inc., v. NICHOLS, Collector of Internal Revenue.**

**No. 2418.**

District Court, D. Massachusetts.

Jan. 23, 1933.

Jacob J. Kaplan and Dunbar, Nutter & McLennen, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. to U. S. Atty., both of Boston, Mass., for defendant.

McLELLAN, District Judge.

This is an action at law in which the plaintiff seeks to recover for money had and received by the defendant to the plaintiff's use.

The case was heard upon an agreed statement of facts, from which it appears in substance that the plaintiff filed its corporation income and profits tax return for the year 1917 on April 29, 1918, disclosing a tax liability of approximately $30,000. Upon audit of this return, the Commissioner of Internal Revenue determined that the plaintiff's tax liability was $92,506.17 and duly assessed the same. The plaintiff discovered a typographical error, in consequence of which it had reported income from gross sales as $1,849,858.48, when the amount reported should have been $1,749,854.48. Thereupon the plaintiff filed an amended return in which this error was corrected. The defendant demanded $92,506.17 from the plaintiff and on June 25, 1918, within ten days of the demand, the plaintiff filed a bona fide claim for abatement in the sum of $62,401.01, or the difference between the amount assessed on its original return and the amount of tax as computed on its amended return. The defendant accepted this claim as a stay of collection until final disposition of the claim by the Commissioner of Internal Revenue. Thereafter, on July 28, 1921, the plaintiff's claim in abatement was allowed in the sum of $59,380.87 and rejected in the sum of $3,019.14, leaving an outstanding assessment against the plaintiff of the latter amount.

Interest of $1,137.21 was computed on this assessment.

The plaintiff paid said sums of $3,019.14 and $1,137.21 on August 15, 1921.

The amount of interest, $1,137.21, was computed by the Commissioner at the rate of 1 per cent. a month, in accordance with section 14 (a) of the Revenue Act of 1916 (39 Stat. 772) and article 263 of Regulation 33. Thereafter the plaintiff contended that the interest should have been computed at the rate of one-half of 1 per cent. a month under section 250 (e) of the Revenue Act of 1921 (42 Stat. 264). On February 28, 1923, the plaintiff duly filed a claim for refund and it was rejected on November 30, 1923.

The plaintiff contends that it is entitled to recover $568.61, upon the theory that it should have been called upon to pay interest only at the rate of one-half of 1 per cent. per month from the date the principal amount was originally due until the claim was decided, and interest on said sum of $568.61.

The defendant's contentions are twofold. In the first place, the defendant says that the amount paid was upon the basis of interest at 1 per cent. per month; that this was correct; and that the plaintiff is entitled to recover nothing. The defendant's second contention is that if the plaintiff is entitled to recover anything, he is entitled to recover no more than $112.71, based upon a computation of the interest from the original date until January, 1921, at the rate of 1 per cent. per month, and thereafter until the claim was decided at the rate of one-half of 1 per cent.

372

per month, together with interest on said sum of $112.71.

The defendant requested me to find the facts in accordance with the stipulation filed by the parties, and this, of course, I do. But I see no occasion to set forth all of the agreed statement of facts in this memorandum.

The defendant requested me to rule (1) that under section 14 (a) of the Revenue Act of 1916 interest on all taxes assessed under that act was properly assessed at the rate of 1 per cent. per month from a date ten days after demand and notice until paid. This, of course, is true, but for the change in the laws to which reference will be made presently. This request is denied and the defendant's exception saved.

The defendant also requested me to rule (2) that where a claim in abatement was filed on account of taxes for the year 1917, assessed in 1918, interest accrues at the rate of 1 per cent. per month until January 1, 1921, and thereafter at one-half of 1 per cent. per month until the claim is decided, under the provisions of section 250 (e), (h) and 263 of the Revenue Act of 1921.

Under section 250 (e) of the Revenue Act of 1921, where a claim in abatement was filed, it is provided that interest should be at the rate of one-half of 1 per cent. "from the time the amount was due until the claim is decided." Under subdivision (h) of section 250, the provisions of subdivision (e) apply to the assessment and collection of taxes which have accrued or may accrue under the Revenue Act of 1917 (40 Stat. 300). The Revenue Act of 1921 was passed November 23, 1921, and by its terms took effect as of January 1, 1921.

I am unable to adopt the view urged by the learned counsel for the defendant that since this act contains no expressly retroactive provisions it does not apply to the period prior to January 1, 1921. Notwithstanding Boyd v. Heiner, published in 1926 in 5 Am. Fed. Tax Reports page 6069, I feel constrained to rule that the applicable provisions of the Revenue Act of 1921 are of such a nature that there is no occasion for concluding that the interest collectible prior to January 1, 1921, is one rate, and the rate thereafter another rate. The act expressly provides for the period "from the time the amount was due until the claim is decided." The defendant's second request for ruling is therefore denied, subject to the defendant's exception.

Judgment for the plaintiff in the sum of $568.61, with interest, is to be entered.